BROWN et al. v. CRANBERRY IRON & COAL CO.

(Circuit Court of Appeals, Fourth Circuit. February 4, 1896.)

No. 138.

EQUITY PRACTICE—PARTITION—ACTION AT LAW.

In a partition suit, defendant denied complainant's title, and set up that complainant was estopped from claiming title. The court thereupon made an order that the bill be retained for 12 months, with liberty to complainant within the meantime to bring an action at law to establish his title; and in case he should not do so, or should fail to proceed to trial within 12 months, the bill should be dismissed. The complainant accordingly brought his action, proceeded to trial, and a verdict was found for defendant. Judgment was entered accordingly, and a writ of error sued out. Afterwards the court of equity, acting upon the verdict, dismissed the bill for partition. *Held*, that this was error, and that it was the duty of the court to retain the bill until the action at law was finally determined.

Appeal from the Circuit Court of the United States for the Western District of North Carolina.

This was a bill by W. Vance Brown and others, children and heirs at law of J. Evans Brown, deceased, against the Cranberry Iron & Coal Company, for partition of certain mining lands. The bill was dismissed by the circuit court, and complainants appeal.

Chas. A. Moore (of Moore & Moore), for appellants.

R. N. Battle (of Battle & Mordecai), for appellee.

Before GOFF and SIMONTON, Circuit Judges, and BRAWLEY, District Judge.

SIMONTON, Circuit Judge.   This case comes up by way of appeal from the circuit court of the United States for the Western district of North Carolina.   It has been heard at the same time, and is included in the same record with the case just decided.   72 Fed. 96.

The bill was filed on the equity side of the court, to obtain partition of the Cranberry iron ore bed land.   The complainants claimed that each of them owned an undivided fourth in said ore bed, and that they were tenants in common with the defendant, who owned, as they allege, the other two-fourths.   In its answer the defendant denied the title claimed by complainants, and further set up as a defense that they were estopped from claiming title.   The court, hearing the bill and answer, and noting that the title of the plaintiffs was denied and put in issue, entered an order that the bill be retained for 12 months, with liberty to plaintiffs in the meantime to proceed at law touching the matters in question in the cause.   But in case the plaintiffs shall not proceed at law, or fail to proceed to trial within the time aforesaid, the bill to be dismissed.   Plaintiffs did proceed; brought their action at law by summons and complaint on the law side of the court; a trial was had before a jury; and a verdict found for the defendant.   A writ of error was sued out by plaintiffs to this court.   The cause has been heard, and has been remanded for a new trial.   Meanwhile, however, the court on the equity side, acting on the verdict, dismissed the bill.

Having given the plaintiffs leave to bring their action at law to establish their claim of title upon conditions named, and the plaintiffs having exercised the right thus given them, fulfilling the conditions imposed, the court should not make a decree dismissing the bill until that action at law was heard, decided, and ended.   The exceptions taken at the trial, the writ of error upon them allowed by the trial judge, the perfection of the appeal to this court, and the pendency of the appeal, suspended the judgment in the law case.   That judgment has been reversed.   The decree is premature, and must be reversed.

This cause has now been twice in this court.   13 C. C. A. 66, 65 Fed. 636.   Without dictating any course, we offer suggestions for consideration.   By the record of the case at law, which has been heard and used in this case, it would seem that the reason for the action at law has ceased.   It was ordered that plaintiffs should establish their title before their claim to the equity of partition could be allowed, this title having been denied.   When the action at law was tried, the only issue presented was whether the complainants were estopped in pais and by deed.   The theory of the defendant was this:   The complainant Brown and the estate of Avery both set up a claim in the mines, minerals, and mineral interests in certain lands which were owned by Hoke and others,

through whom defendant derived title. This claim embarrassed Hoke and his associates, as they desired to sell this land, and they set to work to clear the cloud from their title. To that end, in the year 1867, they entered into separate negotiations with the executors of Avery, and with the attorneys in fact of Brown, the result of which was the purchase of so much as the estate of Avery claimed, and a conveyance thereof by deed, and a subsequent purchase from Brown through his attorneys in fact, and the execution of a deed by them. The defendant contends that Hoke and his associates desired to purchase the entire interest of Brown in these mines, minerals, and mineral interests, and fully understood and believed that they were doing so; and that the attorneys in fact of Brown knew their purpose, understanding, and belief; and that they professed to fulfill these. Brown now contends that his deed executed by his attorneys in fact, by its express terms, conveyed only one-half the minerals in that part of this land on the east side of the dividing line between him and Avery, and that the other half of the minerals still remained his; he before 1867 being the sole owner of all the minerals in that part of the land. The deed was drawn by, and is in the handwriting of, Col. Gaither, who acted during this transaction as the attorney for the purchasers. If it be assumed, as defendant contends, that all parties to the transaction fully intended that the entire interest of Brown in the mines, minerals, and mineral interests in these lands should pass to the purchaser, and that it did so pass by the deeds, and if the deed failed so to express it, may this failure not have been caused by the mistake of Col. Gaither, shared, perhaps, by the others? Mistake is within the peculiar province of a court of equity, not always relievable, however, for one may lose his equity by lapse of time. If the defendant is entitled to this relief,—and on this point we have and we express no opinion,—can it obtain it under the present pleadings, or is there necessity for a cross bill? At all events, the questions in this case are purely of equitable cognizance. Were the case at law to end in establishing a legal title in plaintiffs as to an undivided half of the minerals, mines, and mineral interests claimed, yet, if the defendant can maintain and prove its position, it might be that this legal title is held in trust for the defendant through the original purchasers.

Let the case be remanded to the circuit court, with instructions to take such proceedings herein as are in conformity with this opinion.