BROWN et al. v. CRANBERRY IRON & COAL CO.

(Circuit Court of Appeals, Fourth Circuit. February 1, 1898.)

No. 243.

REFORMATION OF DEEDS—MISTAKE.

> The owners of a tract of mineral land negotiated a sale thereof, but the transaction was suspended because two third persons gave notice that they claimed an interest in the minerals. To clear their title and consummate the sale, the vendors procured deeds from these persons, paying them about $40,000 therefor. Formerly the two claimants had held their interests in common, but, before execution of the deeds, had, by agreement, partitioned the same. The deeds, however, described the entire tract, and conveyed an undivided one-half of the mineral therein. *Held*, that it was the evident intent of the parties to sell and purchase the entire interest of the claimants, and that the deed should be reformed on the ground of mutual mistake. 82 Fed. 351, affirmed.

Appeal from the Circuit Court of the United States for the Western District of North Carolina.

This was a suit by W. Vance Brown and others against the Cranberry Iron & Coal Company for partition of certain mineral land. In the circuit court a decree was rendered for defendant, and the complainants have appealed.

Charles E. Moore and Fred. Moore, for appellants.

James H. Merriman and R. H. Battle, for appellee.

Before GOFF, Circuit Judge, and BRAWLEY and PURNELL, District Judges.

BRAWLEY, District Judge. This cause has been three times in this court. 25 U. S. App. 107, 13 C. C. A. 66, and 65 Fed. 636; 25 U. S. App. 680, 18 C. C. A. 444, and 72 Fed. 96; 25 U. S. App. 692, 18 C. C. A. 462, and 72 Fed. 103. The facts are so fully stated therein that a repetition of them is unnecessary. A cross bill was filed by leave of the court on April 20, 1896. A motion to strike this bill from the files was heard and dismissed on September 26, 1896, and on August 7, 1897, a decree was enrolled granting the relief prayed in the cross bill; this appeal is from that decree.

That a cross bill would lie was, in effect, decided when the case was last here (25 U. S. App. 692, 18 C. C. A. 462, and 72 Fed. 103), and the opinion of this court disposes of the objections now urged against it on the ground of laches, for all the material facts upon which that argument is predicated were then within the knowledge of the court. Hoke and his associates had negotiated the sale of the lands in controversy, believing that they had a perfect title thereto, and being so advised by Gaither, a lawyer of large experience and practice, and familiar with the property. Before the sale was consummated they were informed that Brown and Avery claimed title to a part of the lands. As the intending purchasers regarded this claim as a cloud upon the title, they would not complete the transaction until it was removed, and negotiations were then had with Avery and Brown for the purchase of their interest, whatever it might be. These negotiations terminated in an agreement to buy, at a price named, what was understood by Hoke and his associates to be the entire interest of Avery and Brown, and conveyances were duly executed by the executors of Avery and the agents of Brown. These conveyances were drawn by Gaither, and were executed in the year 1867; and if at that time Avery and Brown had been tenants in common of the mineral interests claimed, as seems to have been the belief of the parties to the negotiation, they would have sufficed to convey the whole interest. But it appears that some years prior thereto there had been a severance by compromise between Brown and Avery, and that each had an undivided interest in all of the mineral on either side of what has been denominated in the proceedings as a compromise line made in 1853. Hoke and associates, having secured what they believed to be the entire interest of Avery and Brown, and thus removed what had been considered a cloud upon the title, subsequently conveyed the lands to the Cranberry Iron & Coal Company, which has made extensive and expensive improvements in the development of the property. This litigation was commenced in 1887. Its various phases appear in the volumes of Reports above cited, and it has culminated in the cross bill filed to correct the mistake alleged to have been made in the conveyance made by Brown through his agents in 1867; the contention in behalf of plaintiffs, who are defend-

ants in the cross bill, being that only one-half of the mineral interest in the lands was conveyed by said deed, and that they are tenants in common with the defendant company of all the lands on the east side of the aforementioned compromise line.

The only question before us now is whether the deed of conveyance of June 7, 1867, made by John E. Brown, through his agents, should be corrected. This deed conveys "the following tract of land, situate and being in the county of Mitchell, in the state of North Carolina; that is, the one-half of the mineral interest in said lands." Then follows a description by metes and bounds of the lands conveyed, the boundaries being the same as in the deed of the executors of Avery to Hoke and his associates. The habendum clause is, "To have and hold the one-half of the mines and mineral interests in the said lands," with a general warranty of the title "to the one-half of the mines, mineral, ore bank, and mineral interests within the boundaries of said lands." The conveyance of Avery's executor, after describing the tract by metes and bounds, defines the interest thereby conveyed as being "one-half the mineral interest in said lands." The contention of the plaintiffs in the cross bill is that Gaither, the attorney who drew both the conveyances, had forgotten that there had been a partition of the lands by Avery and Brown, and that each was entitled to a whole and undivided interest in the separate parcels lying on either side of the compromise line, and by his inadvertence and mistake the conveyances were drawn as if each of the parties was entitled to an undivided half interest in the whole tract; the compromise agreement not being at that time on record. If the testimony is clear, strong, and convincing that such mistake was made, it would be the duty of the court to correct it, and make the instrument conform to the real intention of the parties. This presents a question of fact, and the learned circuit judge who heard the case below has determined it in favor of the plaintiffs in the cross bill. His conclusion, after considering all the testimony, is that Hoke and his associates intended to buy, and actually paid for, all of the interest in the minerals claimed and held by Avery and Brown, and that it was the intention of Avery and Brown to convey the entire interest, and that Gaither was instructed to carry out that intent, and that by his inadvertence the deeds of conveyance failed to do so. The venerable judge of the district court, before whom the cause first came, directed an issue to be submitted to a jury to determine whether the plaintiffs in that action, who are defendants in the cross bill, were estopped, by their acts, declarations, or otherwise, from claiming any interest in the mines and minerals in the land described, and the verdict of the jury was that they were estopped. The learned judge, in a carefully considered opinion, says:

"The attorneys in fact of the grantor (one of whom was the late Gov. Vance, who testified upon the trial) were highly honorable men, were faithful agents, and were familiar with the rights of their principal. From the nature of the transaction, and judging their conduct by the ordinary principles of common honesty and fair dealing, which might well be expected from men of such high character, we cannot suppose that they intended to reserve from the operation of the deed an undeveloped mineral interest, which, without any expense on the part of the grantor, would be greatly enhanced in value by the subsequent

expenditures of the company, to which the grantees might sell the property. They well knew that the material inducement to the contract on the part of the grantees was to obtain a complete transfer of the entire interest of the grantor, in order that they might accomplish their purpose, which had been previously defeated by the outstanding interest of the grantor. The evidence shows conclusively that the attorneys in fact acted in good faith, and intended to convey, and believed that they did convey, all the mineral interest of their principal. We are strongly inclined to the opinion that the present claim of the plaintiff was an afterthought not suggested by his agents. We are confirmed in this opinion by the fact that he asserted no claim to an unconveyed mineral interest for nearly twenty years after the execution of the deed, although he had knowledge that the defendant company had made large expenditures in developing the minerals, and were in possession, claiming to hold the premises in severalty."

This judge and jury had the opportunity of seeing and hearing the witnesses, and although the judgment in that case, when brought here for review, was remanded on other grounds, nothing has occurred to diminish the great persuasive force of their opinions on the question of fact which is now before us. We are clearly of opinion, upon the whole case, that it was the intention of the purchasers from Brown to buy his entire interest in the lands; that they paid for the entire interest, and that it was their understanding that the deed conveyed it; that it was through the inadvertence and mistake of the draftsman that the deed failed to carry out the intent of the grantor, which was to convey the entire interest; and that it should be reformed. In our judgment, the contention of the plaintiff in error concerning the North Carolina statute of limitations is without merit, as that statute is not applicable to this case. We fully agree with the court below in the conclusion reached, and in the relief granted. It follows that the decree appealed from should be affirmed, and it is so ordered.